**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

| | |
|---|---|
| NATASCHA LINDEMANN,<br><br>*Plaintiff*,<br><br>v.<br><br>ALLURE BAE, INC.; KRYSTAL MORALES, individually; and OSCAR D. MORALES, individually,<br><br>*Defendants*. | Case No. 1:26-cv-138<br><br>**COMPLAINT FOR COPYRIGHT INFRINGEMENT**<br><br>DEMAND FOR JURY TRIAL |

Plaintiff Natascha Lindemann, by and through her undersigned counsel, brings this Complaint against Defendants Allure BAE, Inc.; Krystal Morales, Oscar D. Morales, and DOES 1-10, inclusive and alleges as follows:

## NATURE OF THE ACTION

1. This is a civil action seeking damages and injunctive relief for copyright infringement under the Copyright Act of the United States, 17 U.S.C. § 101 *et seq*.

## PARTIES

2. Plaintiff Lindemann ("Lindemann") is an individual and professional photographer residing in Germany.

3. Upon information and belief, Defendant Allure BAE, Inc. ("Allure BAE") is a corporation organized and existing under the laws of the state of Rhode Island with a business location at 71 Waller Street, Providence, Rhode Island 02908.

4. Upon information and belief, Defendant Krystal Morales is an individual residing and/or transacting business in the state of Rhode Island and is, or was, at all relevant times, the principal owner of Defendant Allure BAE.

5. Upon information and belief, Defendant Oscar D. Morales is an individual residing and/or transacting business in the state of Rhode Island and is, or was, at all relevant times, the principal owner of Defendant Allure BAE.

6. For the purposes of this Complaint, unless otherwise indicated, "Defendant" and "Defendants" include all agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogates, representatives, and insurers of the Defendants named in this caption.

## JURISDICTION AND VENUE

7. This Court has original subject matter jurisdiction over Plaintiff's claim for copyright infringement pursuant to 28 U.S.C. §§ 1331 (federal question) and 1338(a) (copyrights).

8. This court has personal jurisdiction over Defendants because Defendants have a physical presence in the state of Rhode Island and/or Defendants transact business in the state of Rhode Island.

9. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b)-(d) and/or § 1400(a) in that this is the judicial district in which a substantial part of the acts and omissions giving rise to the claims occurred, and/or this civil action

arises under the Copyright Act of the United States, and Defendants or their agents reside in or can be found in this judicial district.

## FACTUAL ALLEGATIONS

### *Plaintiff Natascha Lindemann*

10. Plaintiff Lindemann is a successful beauty and product photographer whose Instagram account, which features her work, has amassed over 136,000 followers.

11. Plaintiff Lindemann licenses her work for a fee.

12. Plaintiff Lindemann has licensed her work for commercial use to Sephora, Mac Cosmetics, Artdeco, Huda Beauty, Dyson, Kylie Skin, and Wycon Cosmetics.

13. Plaintiff Lindemann's work has also been featured in publications such as *Women's Health Magazine*, *Harper's Bazaar*, and *Cosmopolitan*.

14. Plaintiff Lindemann's livelihood depends on receiving compensation for the photographs she produces.

15. The value of the work Plaintiff Lindemann creates is devalued when others copy and profit from that work without her permission.

16. The copyright protection afforded to Plaintiff Lindemann's work is intended to deter would-be infringers from copying and profiting from her work without permission.

17. Plaintiff Lindemann is the sole author and exclusive rights holder to a beauty photograph of a portion of the left side a female model's face with a white skincare cream applied to her face ("Skincare Photograph").

18. Attached hereto as Exhibit A is a true and correct copy of the Skincare Photograph.

19. Lindemann registered the Skincare Photograph with the United States Copyright Office under Registration Number VA 2-305-168 with the file name TRU2992748Jun202020 and an Effective Date of Registration of June 6, 2022.

20. Attached hereto as Exhibit B is a true and correct copy of Registration No. VA 2-305-168.

***Defendants Allure BAE, Krystal Morales, and Oscar Morales***

21. Upon information and belief, Defendant Allure BAE offers skincare products ("Skincare Products") that are "thoughtfully formulated by a certified skincare formulator" and "designed to support healthy, radiant skin for everyone." Allure BAE website's "About Us" page found at https://allurebae.com/pages/about-us.

22. Upon information and belief, Defendant Krystal Morales is, or was, the principal officer or owner of Defendant Allure BAE.

23. Upon information and belief, Defendant Oscar D. Morales is, or was, the principal officer or owner of Defendant Allure BAE.

24. Upon information and belief, Defendant Allure BAE, Defendant Krystal Morales, and/or Defendant Oscar D. Morales control and manage the website https://allurebae.com/ ("Allure BAE Website") which provides information about the Skincare Products, Allure BAE's rewards program, and where customers can purchase the Skincare Products.

25. Upon information and belief, Defendant Allure BAE, Defendant Krystal Morales, and/or Defendant Oscar D. Morales maintain an Instagram page under the handle @AllureBae and can be found at https://www.instagram.com/allurebae_/ ("Allure BAE Instagram Page").

26. The Allure BAE Instagram Page contains an active hyperlink ("Instagram Hyperlink") which the viewer can access and navigate to the Allure BAE Website.

27. Attached hereto as Exhibit C is a true and correct screenshot of the Allure BAE Instagram Page, including the access location of the Instagram Hyperlink.

28. Collectively, the Allure BAE Website and Allure BAE Instagram Page will be referred to as the "Allure BAE Business Platforms."

29. Upon information and belief, Defendants Allure BAE, Krystal Morales, and/or Oscar D. Morales generate content on the Allure BAE Business Platforms for commercial purposes, specifically to attract user traffic to the Allure BAE Website

through the Instagram Hyperlink; to market, promote, and sell Allure BAE's Skincare Products; and to increase Allure BAE's customer base and revenue.

30. At all relevant times, Defendants Allure BAE, Krystal Morales, and/or Oscar D. Morales had the ability to supervise and control all content on the Allure BAE Business Platforms.

31. At all relevant times, Defendants Allure BAE, Krystal Morales, and/or Oscar D. Morales had a direct financial interest in the content and activities of the Allure BAE Business Platforms (including the activities alleged in this Complaint).

32. At all relevant times, the Allure BAE Business Platforms were readily accessible to the general public throughout Rhode Island, the United States, and the world.

33. At all relevant times, the Defendants named in this Complaint (including Allure BAE, Krystal Morales, and Oscar D. Morales) were acting as agents and alter egos for each other, with respect to the activities alleged in this Complaint, and are thus each jointly, severally, and personally liable for the debts and liabilities of each other, with respect to the activities alleged in this Complaint.

***Defendants Willful, Unauthorized Use of the Skincare Photograph***

34. On or about October 19, 2023, Plaintiff Lindemann discovered her Skincare Photograph being used on the Allure BAE Instagram Page in a video, dated August 25, 2023, combined with music by Karol G and Peso Pluma (QLONA), text

content stating "Formulated to replenish ceramides to maintain, strengthen & improve a healthy skin barrier for a nourished-healthy glow! Also, did you know? Our moisturizer also reduces the appearance of hyperpigmentation & inflammation," and a live link to the Allure BAE Website ("Allure BAE Instagram Post").

35. Attached hereto as Exhibit D are true and correct screenshot of the Skincare Photograph as used on the Allure BAE Instagram Page in the Allure BAE Instagram Post, including a date-stamped screenshot showing the date the Skincare Photograph was discovered.

36. Plaintiff Lindemann did not grant Defendants Allure BAE, Krystal Morales, and/or Oscar D. Morales a license, permission, or authorization to use, make a copy of, or publicly display the Skincare Photograph on the on the Allure BAE Instagram Page.

37. Defendants (including their employees, agents, contractors or others over whom they have responsibility and control) created an unauthorized copy of the Skincare Photograph and caused the Skincare Photograph to be uploaded to and displayed on the Allure BAE Instagram Page.

38. Plaintiff Lindemann is informed and believes that the purpose of the use of the Skincare Photograph on the Allure BAE Instagram Page was to provide high-quality and aesthetically pleasing content congruent with Defendants' marketing goals to entice users to purchase Skin Care Products from Allure BAE.

39. Plaintiff Lindemann is informed and believes that the purpose of the use of the Skincare Photograph in the Allure BAE Instagram Post was to couple high-quality visual content, via a professionally produced photograph, with music and textual content to create an aesthetic, visually inviting presentation of Allure BAE's marketing message that their "thoughtfully formulated" Skincare Products are "designed to support healthy, radiant skin for everyone" and to support Defendants Allure BAE, Krystal Morales, and/or Oscar D. Morales' marketing goals to entice users to browse through the Allure BAE Instagram Page and act as a draw to ultimately navigate to the Allure BAE Website, via the Instagram Hyperlink or link to the Allure BAE Website found in the Instagram Post, and purchase Skincare Products which would generate revenue for Defendants.

40. Defendants (including their employees, agents, contractors or others over whom they have responsibility and control) used, publicly displayed, published, and otherwise held out to the public Plaintiff Lindemann's original and unique Skincare Photograph for commercial purposes and to acquire a direct financial benefit from use of the Skincare Photograph, including the financial benefit of the cost saved by using the Lindemann Photograph without paying a licensing fee.

41. Specifically, Defendants intended for the Skincare Photograph to act as a draw to the Allure BAE Instagram Post where the viewer would ultimately navigate to the Allure BAE Website via the Instagram Hyperlink and live link in the

Instagram Post and purchase Skincare Products from Allure BAE which would generate revenue for Defendants.

42. After discovering the unauthorized use of the Skincare Photograph on the Allure BAE Instagram Page, Plaintiff Lindemann (through counsel) sent cease and desist correspondence to Allure BAE and a settlement offer to resolve this matter. Allure BAE removed the Skincare Photograph from the Allure BAE Instagram Page, and through its counsel, refused to engage in any settlement discussions and ceased communications with Lindemann's counsel.

43. Defendants willfully infringed upon Plaintiff Lindemann's rights in her Skincare Photograph because, *inter alia*, Defendants knew they did not create or own the Skincare Photograph and knew, or should have known, they did not have a legitimate license, permission, or authorization from Plaintiff Lindemann to use the Skincare Photograph on the Allure BAE Instagram Page.

44. In addition, Defendants refused to engage in discussions to resolve the issue of lost licensing fees further disregarding Plaintiff Lindemann's rights in her Skincare Photograph.

## FIRST CAUSE OF ACTION
## COPYRIGHT INFRINGEMENT
## 17 U.S.C. § 101 *et seq*

45. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

46. Plaintiff owns a valid copyright in the Skincare Photograph.

47. Plaintiff registered the Skincare Photograph with the Register of Copyrights pursuant to 17 U.S.C. § 411(a).

48. Defendants (including their employees, agents, contractors or others over whom they have responsibility and control) created an unauthorized copy of and displayed Plaintiff's unique and original Skincare Photograph without her consent or authorization in violation of 17 U.S.C. § 501.

49. Plaintiff is informed and believes and thereon alleges that Defendants willfully infringed upon Plaintiff's rights in her copyrighted Skincare Photograph in violation of Title 17 of the U.S. Code.

50. As a result of Defendants' violations of Title 17 of the U.S. Code, Plaintiff has sustained significant injury and irreparable harm.

51. As a result of Defendants' violations of Title 17 of the U.S. Code, Plaintiff is entitled to any actual damages and profits attributable to the infringement pursuant to 17 U.S.C. §504(b) or, at Plaintiff's election, statutory damages, for each infringement, pursuant to 17 U.S.C. § 504(c).

52. As a result of the Defendants' violations of Title 17 of the U.S. Code, the court in its discretion may allow the recovery of full costs from Defendants as well as reasonable attorney's fees pursuant to 17 U.S.C § 505.

## DEMAND FOR JURY TRIAL

53. Plaintiff Lindemann hereby demands a trial by jury in the above matter.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff prays for judgment against Defendants, jointly and severally, as follows:

- For a finding that Defendants infringed Plaintiff's copyright interest in the Skincare Photograph by copying and publicly displaying it without a license or consent;
- For a finding that Defendants' conduct was willful;
- For an award of actual damages and disgorgement of all of profits attributable to the copyright infringement, as provided by 17 U.S.C. § 504(b), in an amount to be proven or, in the alternative, and at Plaintiff's election, an award for statutory damages for copyright infringement, including willful infringement, in accordance with 17 U.S.C. § 504(c);
- For costs of litigation and reasonable attorney's fees pursuant to 17 U.S.C. § 505;
- For pre-judgment and post-judgment interest as permitted by law; and
- For any other relief the Court deems just and proper.

Dated: March 6, 2026

Respectfully submitted,

**/s/ Edward R. McCormick III**
Edward R. McCormick III, Esq.
RI State Bar No. 4635
**HIGBEE & ASSOCIATES**
**(*Of Counsel*)**
3110 W. Cheyenne, Suite 200
N. Las Vegas, NV 89032
(714) 617-8350
(714) 597-6559 facsimile
emccormick@higbee.law
*Counsel for Plaintiff*